### 19551. LAWRENCE *v.* SMITH *et al.*

MOBLEY, Justice. A verdict finding alimony for the wife in the following terms: "We the jury find alimony for the plaintiff in the amount of 50% of the net profits derived from the operation of the business owned and formerly operated by the defendant so long as it is operated as a going concern, or, alimony for the plaintiff in the amount of 30% of the net proceeds from the sale of the property, both real and personal, of the defendant if sold," does not vest any interest in the wife to the real and personal property of the defendant. The award of 30 percent of the proceeds of a sale is conditioned upon the ceasing of operation of the business owned by the defendant and upon a sale of the property, and such a conditional award of the proceeds of a sale clearly did not vest any title in the plaintiff to any interest in the property. In those instances where a gift, devise, or grant of income, rents, or profits of land is held to be a grant or devise of the land itself (see Annotations, Code § 113-805), an absolute, unconditional grant of the rents or profits is a prerequisite to conveying an interest in the land, the theory upon which it is based being that to convey all that will or can ever come from the land is to convey the land both in law and fact. The plaintiff's petition,

which is predicated upon her ownership of a three-tenths interest in described realty by virtue of the above alimony verdict, is without merit, and the trial court properly sustained the defendants' general demurrers.

*Judgment affirmed. All the Justices concur.*

Argued January 16, 1957—Decided February 12, 1957—
Rehearing denied February 25, 1957.

*John L. Respess, Jr., F. L. Breen*, for plaintiff in error.
*Bryan, Carter, Ansley & Smith, Long & Jones, Henry M. Quillian, Jr.*, contra.